*E-Filed 8/11/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSE NAPOLEON BETETA,

    Petitioner,

    v.

THE PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

No. C 14-2440 RS (PR)

**ORDER REOPENING ACTION;**

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a state prisoner proceeding pro se, seeks federal habeas relief. The petition for such relief was dismissed because petitioner failed to pay the filing fee or file a complete application to proceed *in forma pauperis* ("IFP"). Petitioner since has filed an IFP application (Docket No. 10), which the Court construes as also containing a motion to reopen. The action is REOPENED, and the Clerk is directed to amend the docket accordingly. The judgment (Docket No. 9), and the order of dismissal (Docket No. 8), are VACATED.

The habeas petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition is DISMISSED.

## BACKGROUND

According to the petition, in 2009, an Alameda County Superior Court jury convicted petitioner of first degree murder. He was sentenced to a term of life without the possibility of parole in state prison, and assessed a fine of $5,034.86.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In the instant petition, petitioner challenges the amount of the fine as excessive. The petition is DISMISSED for two reasons. First, federal habeas relief is not warranted here because success on this claim would not result in a voiding of the verdict or a reduced sentence. Habeas corpus is the appropriate remedy for a state prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In general, custody is satisfied where the sentence imposed "significantly restrain[s] [a] petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). A monetary fine is not a sufficiently significant restraint on liberty to satisfy the custody requirement. *See Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). Even if petitioner also had challenged his custody, that would not suffice to confer jurisdiction on this Court to review his restitution claim by way of a federal habeas petition. *See United States v. Thiele*, 314 F.3d 399, 401–02 (9th Cir. 2002) (holding petitioner could not collaterally attack restitution order under § 2255, even where joined with cognizable claims for release from custody).

Second, even if the claims were properly the subject of habeas review, the petition is barred by the rule against filing a second or successive petition. Petitioner has filed at least one previous petition challenging the conviction and sentence to which the fine was attached, that is, *Betata v. Clark*, No. C 09-cv-05325-RS (PR) (N.D. Cal. July 18, 2011). That petition was denied on the merits and judgment entered in favor of respondent. Petitioner appealed. (Docket Nos. 23 and 24.) Petitioner appealed this dismissal. That appeal is now closed, the Ninth Circuit having declined to issue a Certificate of Appealability. (Docket Nos. 31 and 32.)

In order to file a second or successive petition, the petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that a dismissal of a § 2254 habeas petition on grounds of untimeliness "renders subsequent petitions second or successive for purposes of AEDPA, 28 U.S.C. § 2244(b).") Because petitioner has not shown that he has received such authorization, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

## CONCLUSION

The petition is DISMISSED. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's IFP application is GRANTED. The Clerk shall terminate Docket No. 10, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: August 11, 2014

RICHARD SEEBORG
United States District Judge